Lars T. Fuller (No. 141270)
Sam Taherian (No. 170953)
THE FULLER LAW FIRM, P.C.
60 No. Keeble Ave.
San Jose, CA 95126
Telephone: (408)295-5595
Facsimile: (408) 295-9852

Attorney for Debtor

# UNITED STATES BANKRUPTCY COURT

# NORTHERN DISTRICT OF CALIFORNIA

# OAKLAND DIVISION

| In re:<br><br>BRENDA G. WALKER<br><br>              Debtor | Case No.: 14-43695-MEH<br><br>**MOTION TO VALUE COLLATERAL OF LAND HOME FINANCIAL SERVICES, INC. FOR THE PURPOSE OF VOIDING LIEN ON 35823 BETTENCOURT ST., NEWARK, CA**<br><br>CHAPTER 13<br><br>Date:    None Set<br>Time:   None Set<br>Court:  None Set |
|---|---|

COMES NOW Brenda G. Walker ("Debtor" hereinafter), by and through The Fuller Law Firm, P.C., her attorneys of record, and moves the Court to value the collateral of Land Home Financial Services, Inc. ("Lender" hereinafter) for the purpose of voiding its lien on the basis that the lien is wholly unsecured. In support of this motion, Debtor states the following:

1.      This Court has jurisdiction in this matter pursuant to 28 U.S.C. §1334(a).

Motion to Value Collateral of Land Home Financial Services, Inc. for the Purpose of Voiding Lien on 35823 Bettencourt St., Newark, CA

Case: 14-43695   Doc# 7   Filed: 09/11/14   Entered: 09/11/14 11:15:32   Page 1 of 4

FULLER LAW FIRM, PC
60 N. KEEBLE AVE
SAN JOSE, CA 95126
(408) 295-5595

2. Debtor commenced Case No. 14-43695-MEH by filing a voluntary petition under Chapter 13 in the United States Bankruptcy Court for the Northern District of California, Oakland Division, on September 9, 2014.

3. Debtor's Chapter 13 plan has not been confirmed.

4. Debtor is informed and believes that Lender is engages in the business of home loan financing and servicing, and does business in this District.

5. The assets of Debtor included her interest in real property commonly known as 35823 Bettencourt St., Newark, CA 94560 [hereinafter "Property"]. She jointly owns the Property with Maria DelCarmen Reid.

6. The A.P.N. of the Property is 092A-0513-003. The Property is more particularly described as:

> All that certain real property situated in the City of Newark, County of Alameda, State of California, described as follows:
> Lot 149, Tract 2298, filed August 15, 1963, Map Book 46, Page 80, Alameda County Records.

7. On or about May 25, 2005 Maria DelCarmen Reid and Debtor executed a Fixed/Adjustable Rate Rider ("1st Note" hereinafter) secured by a deed of trust ("1st Trust Deed" hereinafter) in favor of Long Beach Mortgage Company recorded against the Property on June 8, 2005 as Document No. 2005233078 in the Official Records of Alameda County. The original balance of the 1st Note was $546,400.

8. Pursuant to the mortgage statement on Jul. 23, 2014, Debtor is informed and believes that the 1st Note and the 1st Trust Deed are serviced by Nationstar Mortgage, LLC.

9. Pursuant to the same mortgage statement, Debtor is informed and believes that the balance of the 1st Note was $653,962.82 as of Jul. 23, 2014. Debtor estimated that the balance of the 1st Note was $653,962.82 as of the time of the filing of the petition.

10. On or about May 25, 2005 Maria DelCarmen Reid and Debtor executed a deed of trust ("2nd Trust Deed" hereinafter) in favor of Long Beach Mortgage Company recorded against the Property on June 8, 2005 as Document No. 2005233079 in the Official Records of Alameda County. On information and belief, together with the execution of the 2nd Trust Deed, Debtor executed a promissory note ("2nd Note" hereinafter) securing an obligation of $136,600.

11. Pursuant to mortgage statement on Jul. 23, 2014, Debtor is informed and believes that the 2nd Note and the 2nd Trust Deed were owned or serviced by Land Home Financial Services, Inc.

12. Pursuant to the same mortgage statement, Debtor is further informed and believes that the balance of the 2nd Note was $133,497.84 as of Jul. 23, 2014. Debtor estimated that the balance of the 2nd Note was $133,497.84 as of the time of the filing of the petition.

13. Maria DelCarmen Reid will file a separate motion to value collateral for the purpose of voiding junior lien in her own case.

14. Debtor has conducted internet research of the value of her Property. Pursuant to zillow.com, the fair market value of the Property was about $590,375 at the time of the filing of my petition.

15. The claim by Lender for repayment of its 2nd Note secured by a 2nd Trust Deed on the Property is wholly unsecured claim because the balance owed on the 1st Note as of the date of the filing of the petition is greater than the value of the Property at the time of the filing of the petition:

| | |
|---|---|
| Debtor's valuation | $590,375 |
| 1st Trust deed | $653,962.82 |
| Subtotal | $653,962.82 |
| Equity before 2nd Trust Deed | ($63,587.82) |

3

Motion to Value Collateral of Land Home Financial Services, Inc. for the Purpose of Voiding Lien on 35823 Bettencourt St., Newark, CA

Case: 14-43695   Doc# 7   Filed: 09/11/14   Entered: 09/11/14 11:15:32   Page 3 of 4

FULLER LAW FIRM, PC
60 N. KEEBLE AVE
SAN JOSE, CA 95126
(408) 295-5595

WHEREFORE, Debtor prays for an order:

1. Valuing the Property at $590,375 for the purpose of this motion and valuing the collateral securing Lender's lien at zero so that Debtor may obtain a final judgment after entry of discharge consistent with the Guidelines for Valuing and Avoiding Lien in Individual Chapter 11 Cases and Chapter 13 Cases;

2. And for such other and further relief as is just and equitable.

Respectfully submitted,

Dated: September 10, 2014

THE FULLER LAW FIRM, P.C.

By: */s/ Lars T. Fuller*
LARS T. FULLER
Attorney for Debtor